IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02449-BNB-KMT

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL NO. 7,

Plaintiff,

v.

KING SOOPERS, INC.,

Defendant.

_____

**ORDER**
_____

This matter arises on the parties cross-motions for summary judgment:

(1)  **Plaintiff's Motion for Summary Judgment** [Doc.#16, filed 02/17/2012] ("Plaintiff's Motion"); and

(2)  **Defendant's Motion for Summary Judgment and Brief in Support** [Doc #17, filed 02/17/2012] ("Defendant's Motion").

The Plaintiff's Motion [Doc. # 16] is DENIED, and the Defendant's Motion [Doc. # 17] is GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS

1. Defendant King Soopers, Inc. ("King Soopers"), operates retail grocery stores throughout Colorado. *Defendant's Motion*, p. 2; *Plaintiff's Response to Defendant's Motion for Summary Judgment* [Doc. #19] ("Plaintiff's Response"), p. 2, ¶ 1.

2. Certain King Soopers employees are represented by the plaintiff, United Food Commercial Workers International Union, Local No. 7 (the "Union"). Id.

3. King Soopers and the Union are parties to a Collective Bargaining Agreement ("CBA") effective July 11, 1999, through September 11, 2004. *Amended Complaint* [Doc. #4] (the "Complaint"), first attachment.

4. In 2002, a bargaining-unit employee, Edward Carmody, filed a grievance complaining that a customer, Jeff Blau, created a hostile work environment and that King Soopers failed to provide him with a hostile-free workplace. *Defendant's Motion*, p. 2; *Plaintiff's Response*, p. 2, ¶ 1.

5. An arbitration hearing was held before an arbitrator on February 18, 2011. *Defendant's Motion*, p. 4 and Ex. A; *Plaintiff's Response*, p. 2, ¶ 6.

6. On June 3, 2011, the arbitrator issued his opinion and award. *Defendant's Motion*, Ex. A. The arbitrator determined two issues. First, he found that the dispute was arbitrable. Second, he found that King Soopers did not fulfill its duty to provide a hostile-free work environment. He ordered King Soopers "to take all steps necessary to provide a hostile-free work environment" including "the establishment of a zero-tolerance policy for violence, with appropriate notices to employees and the general public" and the exclusion of Mr. Blau from Store No. 35 "until the parties are satisfied with his behavior." Id. at pp. 16-17.

7. King Soopers did not comply with the arbitration award. *Defendant's Motion*, p. 5; *Plaintiff's Motion*, p. 3, ¶ 9.

The Union filed its Complaint on September 27, 2011. The Union seeks to confirm and enforce the arbitration award. *Complaint*, p. 1.

### III.  ANALYSIS

#### A.  King Soopers' Defenses

The Union argues that all of King Soopers's challenges to the arbitration award are barred because King Soopers failed to move to vacate the award under C.R.S. § 13-22-223 within 90 days of receiving notice of the award. *Plaintiff''s Motion* [Doc. #16-1], p. 11; *Plaintiff's Response* [Doc. #19], p. 6.

Section 13-22-223(1)(d), C.R.S., provides that "[u]pon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if the court finds that . . . [a]n arbitrator exceeded the arbitrator's powers."  "A motion made under this section shall be filed within ninety days after the movant receives notice of the award pursuant to section 13-22-219 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 13-22-220, unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within ninety days after either the ground is known or by the exercise of reasonable care should have been known by the movant."  Section 13-22-223(2), C.R.S.

The parties agree that "[t]his matter arises under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a)." *Scheduling Order* [Doc. #10], p. 2, § 2.  See Bakery, Confectionery and Tobacco Workers Local 362-T v. Brown and Williamson Tobacco Corp., 971 F.2d 652, 654 (11th Cir. 1992).  In an action to confirm an arbitration award under section 301 where the affirmative defenses could have been raised as grounds to vacate the arbitration award under section 13-22-223, the timeliness of the affirmative defenses is determined by reference to the statute of limitation found in the Colorado Uniform Arbitration

Act, section 13-22-223. Int'l Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox, 826 F.2d 962, 964-65 (10th Cir. 1987).[1]  "[T]he passing of the time limitation period for an action to vacate an arbitration award completely bars, in a subsequent confirmation proceeding, the raising of such statutory defenses." Id. at 964.  In Babcock, the Tenth Circuit stated:

> [W]e find support in the approach taken by other circuits confronted by the issue of whether affirmative defenses challenging the validity of an arbitration award can be raised in a confirmation proceeding filed after the limitations period for an action to vacate has expired. That question has been answered in the negative, and the courts have uniformly held that a defendant's failure to move to vacate the arbitration award within the prescribed time period precludes it from seeking affirmative relief in a subsequent action to enforce the award.
>
> As stated by the Second Circuit, the role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. In addition to cutting off stale defenses, a 90-day limitations period such as that specified in the Colorado statute serves the federal policy of favoring voluntary arbitration as the most expedient method of resolving labor disputes. The purpose of the relatively short limitations period is to accord the arbitration award finality in a timely fashion. To permit a party to forego a timely challenge to the validity of an award and then raise its objections in an otherwise summary confirmation proceeding would be contrary to the policy of promoting quick and final resolution of labor disputes.

Id. at 965-66 (internal quotations and citations omitted).

King Soopers raises several defenses: the grievance was not arbitrable; the parties did not agree to arbitrate questions relating to the appropriate remedy; the arbitrator acted beyond the scope of his authority by altering and modifying the CBA; and the arbitrator exceeded his

---

[1]Babcock referred to sections 13-22-213 and 214, C.R.S. Id. at 965.  Those are the predecessors to sections 13-22-222 and 13-22-223.

authority and jurisdiction by ignoring the plain language of the agreement.  *Defendant's Motion*, pp. 7, 14, 18, 22.  These defenses could have been raised as grounds to vacate the award under section 13-22-223(1)(d).  Colo. Brewing Co. v. Cabo, 114 P.3d 60, 64 (Colo. App. 2004) (stating that this section "requires a court to vacate an award where arbitrators are shown to have 'exceeded their powers'" and that an arbitrator's power is "strictly defined by the terms of the arbitration agreement as contracted by the parties").

King Soopers states that the arbitrator issued the award on June 3, 2011.  *Defendant's Motion*, p. 4.  Under section 13-22-223(2), the ninety day limitation period expired on September 1, 2011.  King Soopers did not bring an action to vacate the arbitration award pursuant to section 13-22-223.  *Response to Plaintiff's Motion for Summary Judgment and Brief in Support* [Doc. #20] ("Defendant's Response"), p. 25.  This action was not filed until September 16, 2011, and King Soopers did not file its Answer and assert its defenses until October 21, 2011.  Therefore, the defenses asserted by King Soopers are barred by the statute of limitation.

King Soopers argues that its challenge to the arbitrability of the grievance is a matter of subject matter jurisdiction and can be raised at any time.  *Reply in Support of Defendant's Motion for Summary Judgment and Brief in Support* [Doc. #23] ("Defendant's Reply").  However, one of the affirmative defenses barred by the statute of limitation in Babcock was the arbitrators' asserted lack of jurisdiction to decide the parties' dispute.  826 F.2d at 964.  King Soopers does not address the holding in Babcock, nor does it cite any authority from this circuit.

King Soopers instead cites Sheet Metal Workers Local Union No. 20, v. Baylor Heating & Air Conditioning, Inc., 877 F.2d 547, 556 (7th Cir. 1989), arguing that "even where a party would normally be barred from asserting affirmative defenses to enforcement of an arbitration

award, defendant was not barred from arguing that the arbitrator lacked authority to enter an award because a party is not barred from raising issues affecting subject matter jurisdiction." *Defendant's Reply*, p. 8 (internal quotations omitted).

The Seventh Circuit has abrogated the holding in Baylor:

> In Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the Supreme Court at least partially specified the circumstances in which "jurisdiction" is the proper lens through which to view issues that come before us. As a result, although this court and others have in the past occasionally treated the need for a valid agreement between an employer and a labor organization as a "jurisdictional" prerequisite for actions to enforce arbitral awards under the LMRA , *see*, *e.g.*, Sheet Metal Workers Local Union No. 20 v. Baylor Heating and Air Conditioning, Inc., 877 F.2d 547, 556 (7th Cir.1989) . . . today we follow the guidance of Steel Co. . . . .
>
> In Steel Co., the Supreme Court began with the basics:
>
> "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional power to adjudicate the case. . . . Rather, the District Court has jurisdiction if "the right of petitioners to recover under the complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.'"
>
> 523 U.S. at ----, 118 S.Ct. at 1010 (quoting Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).
>
> \* \* \*
>
> Recently, the Supreme Court approved application of this principle to invalidity defenses in § 301 suits.  In Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. UAW, 523 U.S. 653, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998), the Court decided that § 301 of the LMRA does not provide a federal court with subject matter jurisdiction over a suit to declare a CBA voidable, in the absence of any alleged violation of the agreement.  523 U.S. at ----n. 1, ----, ----, 118 S.Ct. at 1628 n. 1, 1629, 1631.  The Court went on, however, to emphasize that

7

> "[t]his does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway [*i.e.*, an arguable claim of breach] through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse. Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense."
>
> Id. at ----, 118 S.Ct. at 1629. Likewise, in this case, the defendants' invalidity defense to the Union's enforcement action was properly before the district court and is properly before this court. The success or failure of the defense does not affect either court's jurisdiction to consider it.

Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Rabine, 161 F.3d 427, 430-31 (7th Cir. 1998).

King Soopers also argues that "several courts have held that when a party objects to an arbitrator's authority to decide a grievance at the outset of an arbitration hearing and then proceeds to argue the merits of the grievance, the party has not waived its right to assert the arbitrator's lack of authority when defending against enforcement of the award, even when the party failed to move to vacate the award within the applicable limitations period."[2] *Defendant's Response*, p. 24. The argument is contrary to the holding in Babcock. "The purpose of the relatively short limitations period is to accord the arbitration award finality in a timely fashion." Babcock, 826 F.2d at 966. "To permit a party to forego a timely challenge to the validity of an award and then raise its objections in an otherwise summary confirmation proceeding would be contrary to the policy of promoting quick and final resolution of labor disputes." Id.

---

[2]Again, King Soopers does not cite any caselaw from this circuit to support its argument.

King Soopers' defenses could have been raised in a timely action to vacate the arbitration award pursuant to section13-22-223, C.R.S., but they were not. Therefore, King Soopers is barred from raising them here.

### B. The Union's Request to Confirm and Enforce the Award

The Union seeks to confirm and enforce the arbitration award. The Tenth Circuit has described the standard of judicial review of an arbitration award as follows:

> Because "[t]he parties have contracted for an arbitrator to resolve their disputes, not a court," our standard of review of an arbitrator's award is "among the narrowest known to the law." Local No. 7 United Food & Commercial Workers Int'l Union v. King Soopers, Inc., 222 F.3d 1223, 1226 (10th Cir. 2000) (quotations omitted). Thus "[w]hether the arbitrator's reading of the agreement was strained or even seriously flawed ... is irrelevant." Bruce Hardwood Floors v. S. Council of Indus. Workers, 8 F.3d 1104, 1108 (6th Cir. 1993). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Misco, 484 U.S. at 38, 108 S.Ct. 364.
>
> However, an arbitrator's discretion, though entitled to "profound deference," Bruce Hardwood Floors, 8 F.3d at 1107, is not unlimited. An arbitrator "does not sit to dispense his own brand of industrial justice" and "his award is legitimate only so long as it draws its essence from the collective bargaining agreement." Local No. 7, 222 F.3d at 1227 ( quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)).
>
> [A]n award does not draw its essence from the [collective bargaining agreement] if it is contrary to the express language of the contract or is so unfounded in reason and fact, so unconnected with the working and purpose of the agreement as to manifest an infidelity to the obligation of the arbitrator or if viewed in the light of its language, its context, and any other indicia of the parties' intention, it is without factual support.

LB & B Assoc., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 113, 461 F.3d 1195, 1197-98 (10th Cir. 2006).

In addition, if the parties have agreed to allow the arbitrator to decide arbitrability, the "court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances. If, on the other hand, the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). King Soopers argues that it did not agree to submit the question of arbitrability to the arbitrator. *Defendant's Motion*, pp. 7-10. However, King Soopers' defenses are barred by the statute of limitation. Therefore, in assessing the arbitrator's decision to arbitrate the grievance, I afford his decision "considerable leeway."

Even with this extremely deferential standard of review, I find that in issuing his opinion, the arbitrator did not arguably construe or apply the CBA. He determined that the CBA "contained no specific arbitration clause but the parties intended that disputes were to be resolved by an arbitrator" based on Article 43, Section 125 of the CBA which provides:

> The arbitrator shall have all the rights, power, and duties herein given, granted and imposed upon him, but his award shall not change, alter or modify any of the terms and conditions set forth in this Agreement.

*Defendant's Motion*, Ex. A, p. 8.

The arbitrator ignored the source of the "rights, power, and duties herein given, granted and imposed upon him," which is found in Article 43, Section 120 of the CBA. *Complaint*, first attachment, p. 36. That section states that "[s]hould any dispute or complaint arise over the

interpretation or application of this Agreement, there shall be an earnest effort on the part of the parties to settle such promptly through the following steps" which culminate in arbitration. Thus, under the plain language of the CBA, the arbitrator is limited to arbitrating disputes that arise over the interpretation or application of the CBA.

There are no provisions in the CBA that remotely relate to the imposition of a duty on King Soopers to provide a work environment free from customer hostility. Indeed, neither the Union nor the arbitrator identified any such provision. The Union merely stated that King Soopers' duty to provide the grievant with a hostile-free work environment arose from "broad interpretation of the law and the contract"; it did not identify any relevant portion of the CBA during the hearing or in its briefs to this court. *Defendant's Motion*, Ex. A, p. 7. The arbitrator referenced only federal and state laws, internet articles, prior arbitration decisions, and other materials unrelated to the CBA. Id. at pp. 6-17.

Moreover, the arbitrator's award is contrary to the express language of the contract. Article 5, Section 14 states that "[t]he Employer retains the right to manage the store or stores, to direct the working forces, and to make necessary reasonable rules and regulations for the conduct of business, providing that said rules and regulations are not in conflict with the terms of this Agreement in any way. . . ." Id. at p. 7. This provision reserves to King Soopers the right to make its own workplace policies to the extent they do not conflict with the terms of the CBA. And, as discussed above, the CBA does not contain any provisions relating to the imposition of a duty on King Soopers to provide a work environment free from customer hostility. Therefore, King Soopers is free to make its own policies in that arena.

Here, the arbitrator effectively altered the terms of Article 5, Section 14 when he ordered King Soopers to establish a "zero-tolerance policy for violence" and to exclude Mr. Blau from

the store "until the parties are satisfied with his behavior." Those are matters reserved to King Soopers under Article 5, Section 14.

"[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement . . . . [H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). The arbitrator's decision is not related to a dispute or complaint over the interpretation or application of the CBA, and his award does not draw its essence from the CBA.

### C. King Soopers' Request for Attorney Fees

King Soopers requests its attorney fees and costs incurred in this litigation. *Defendant's Motion*, p. 25. An award of fees incurred in obtaining enforcement of an arbitration award is discretionary. United Steelworkers of Am. v. Ideal Cement Co., 762 F.2d 837, 843 (10th Cir.1985). King Soopers does not provide any authority to support its request for attorney fees, and I decline to award them.

### IV. CONCLUSION

IT IS ORDERED:

1. Plaintiff's Motion for Summary Judgment [Doc.#16] is DENIED.

2. Defendant's Motion for Summary Judgment and Brief in Support [Doc #17] is GRANTED IN PART and DENIED IN PART as follows:

   a. The plaintiff's request to confirm and enforce the arbitration award entered June 3, 2011, is DENIED;

    b. Pursuant to Fed. R. Civ. P. 58, judgment shall enter in favor of the defendant and against the plaintiff;

    c. The defendant may have its costs, to be taxed and allowed in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    d. The defendant's request for attorney fees is DENIED.

 Dated September 18, 2012.

              BY THE COURT:

               s/ Boyd N. Boland
               United States Magistrate Judge